## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **LARRY DEWAYNE FERRELL,** | § | |
| **TDCJ No. 02196152,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Civil No. SA-19-CA-0597-DAE** |
| | § | |
| **BOBBY LUMPKIN,[1] Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| | § | |
| **Respondent.** | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are *pro se* Petitioner Larry Dewayne Ferrell's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) and Respondent Bobby Lumpkin's Answer thereto (ECF No. 11). Having reviewed the record and pleadings submitted by both parties, the Court concludes Petitioner is not entitled to relief under the standards prescribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See* 28 U.S.C. § 2254(d). Petitioner is also denied a certificate of appealability.

## I. Background

Petitioner was indicted in Wilson County, Texas, on one count of robbery alleged to have occurred June 18, 2016. (ECF No. 12-3 at 23). Petitioner pled guilty to the offense and was sentenced to twelve years of imprisonment pursuant to the terms of the plea bargain agreement. *State v. Ferrell*, No. 17-02-058-CRW (218th Dist. Ct., Wilson Cnty., Tex. Apr. 20, 2018); (ECF No. 12-3 at 55-56). Because he waived the right to appeal as part of the plea bargain agreement,

---

[1] The previous named Respondent in this action was Lorie Davis. On August 10, 2020, Bobby Lumpkin succeeded Davis as Director of the Texas Department of Criminal Justice, Correctional Institutions Division. Under Rule 25(d) of the Federal Rules of Civil Procedure, Lumpkin is automatically substituted as a party.

Petitioner did not appeal his conviction and sentence. (ECF No. 12-3 at 45-54). Instead, Petitioner challenged his conviction by filing a state habeas corpus application which was eventually denied on the merits by the Texas Court of Criminal Appeals (TCCA) without written order on March 6, 2019. *Ex parte Ferrell*, No. 89,532-01 (Tex. Crim. App.); (ECF Nos. 12-1, 12-3 at 5-22).

A few months later, Petitioner placed the instant federal habeas petition in the prison mail system. (ECF No. 1 at 14). In the petition, Petitioner raises several allegations that were rejected by the TCCA during his state habeas proceedings—namely, that (1) his trial counsel rendered ineffective assistance by failing to file a motion to dismiss the indictment, (2) his trial counsel rendered ineffective assistance by failing to object to false evidence presented at a pretrial hearing to dismiss counsel, and (3) prosecutorial misconduct for presenting false evidence at a pretrial hearing. Petitioner also raises two allegations that were not presented to the state court during his state habeas proceedings: (4) his trial counsel was ineffective for failing to file certain pretrial motions or notify him of the issuance of his P.R. bond, and (5) counsel was ineffective for doing nothing while the State coerced him to plead guilty.

## II. **Standard of Review**

Petitioner's federal habeas petition is governed by the heightened standard of review provided by the AEDPA. 28 U.S.C.A. § 2254. Under § 2254(d), a petitioner may not obtain federal habeas corpus relief on any claim that was adjudicated on the merits in state court proceedings unless the adjudication of that claim either: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Brown v. Payton*, 544 U.S. 133, 141 (2005). This intentionally difficult

2

standard stops just short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. *Harrington v. Richter*, 562 U.S. 86, 102 (2011) (citing *Felker v. Turpin*, 518 U.S. 651, 664 (1996)).

A federal habeas court's inquiry into unreasonableness should always be objective rather than subjective, with a focus on whether the state court's application of clearly established federal law was "objectively unreasonable" and not whether it was incorrect or erroneous. *McDaniel v. Brown*, 558 U.S. 120 (2010); *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003). Even a strong case for relief does not mean the state court's contrary conclusion was unreasonable, regardless of whether the federal habeas court would have reached a different conclusion itself. *Richter*, 562 U.S. at 102. Instead, a petitioner must show that the decision was objectively unreasonable, which is a "substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007); *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003). So long as "fairminded jurists could disagree" on the correctness of the state court's decision, a state court's determination that a claim lacks merit precludes federal habeas relief. *Richter*, 562 U.S. at 101 (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). In other words, to obtain federal habeas relief on a claim previously adjudicated on the merits in state court, Petitioner must show that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103; *see also Bobby v. Dixon*, 565 U.S. 23, 24 (2011).

### III. Analysis

#### A.    Claims 4 and 5 are Procedurally Defaulted.

In his fourth allegation, Petitioner contends his trial counsel was ineffective for failing to file several pretrial motions, including motions for an evidentiary hearing, speedy trial, and limine. He also faults counsel for failing to notify him about the issuance of his P.R. bond.

Petitioner's fifth allegation claims counsel was ineffective for allowing the State to coerce him to plead guilty.

Respondent contends these allegations are unexhausted and procedurally barred from federal habeas corpus relief because Petitioner never raised them in state court.[2]  Respondent is correct—the record in this case confirms that Petitioner did not present these allegations to the TCCA in his state habeas corpus application or in a petition for discretionary review.  Because the allegations are being presented for the first time in this federal habeas proceeding, they are unexhausted under § 2254(b) and procedurally barred from federal habeas review.

Before seeking review in federal court, a habeas corpus petitioner must first present his claims in state court and exhaust all state court remedies through proper adjudication on the merits.  *See* 28 U.S.C. § 2254(b)(1)(A) (stating that habeas corpus relief may not be granted "unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State.").  The exhaustion requirement is satisfied if the substance of the federal habeas claim was presented to the highest state court in a procedurally proper manner. *Baldwin v. Reese*, 541 U.S. 27, 29-32 (2004); *Moore v. Cain*, 298 F.3d 361, 364 (5th Cir. 2002).  In Texas, the highest state court for criminal matters is the TCCA, and a prisoner must present the substance of his claims to the TCCA in either a petition for discretionary review or an application for writ of habeas corpus under Texas Code of Criminal Procedure Article 11.07. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998); *Bautista v. McCotter,* 793 F.2d 109, 110 (5th Cir. 1986).

Furthermore, "[a] procedural default . . . occurs when a prisoner fails to exhaust available state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred."

---

[2]      Respondent also argues that Petitioner's first claim—alleging counsel was ineffective for failing to challenge the indictment—is unexhausted and procedurally barred.  However, this allegation was arguably raised within Petitioner's first claim for relief in his state habeas corpus application. *See* ECF No. 12-3 at 10.  Thus, the procedural default doctrine does not apply.

*Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997) (citation and internal quotation marks omitted).  As the record demonstrates, Petitioner failed to exhaust state court remedies with regard to the instant allegations.  Should the Court now require Petitioner to return to state court to satisfy the exhaustion requirement, however, the TCCA would find the claims procedurally barred under the abuse of the writ doctrine found in Article 11.07 § 4 of the Texas Code of Criminal Procedure.  Because Texas would likely bar another habeas corpus application by Petitioner, he has committed a procedural default that is sufficient to bar federal habeas corpus review. *See, e.g., Bagwell v. Dretke*, 372 F.3d 748, 755-56 (5th Cir. 2004) (holding a petitioner procedurally defaulted by failing to "fairly present" a claim to the state courts in his state habeas corpus application); *Smith v. Cockrell*, 311 F.3d 661, 684 (5th Cir. 2002) (holding unexhausted claims were procedurally barred); *Jones v. Johnson*, 171 F.3d 270, 276-77 (5th Cir. 1999) (same).

Consequently, Petitioner is precluded from federal habeas review of these claims unless he can show cause for the default and resulting prejudice, or demonstrate that the Court's failure to consider the claims will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991); *Busby v. Dretke*, 359 F.3d 708, 718 (5th Cir. 2004). Petitioner does not argue that cause and prejudice should excuse the default in his federal petition, nor does he attempt to demonstrate that the Court's denial of the claims will result in a "fundamental miscarriage of justice."  Thus, circuit precedent compels the denial of Petitioner's fourth and fifth claims as procedurally defaulted.

**B.    <u>All of Petitioner's Claims Were Waived By His Voluntary Guilty Plea.</u>**

Pursuant to the plea bargain agreement, Petitioner judicially confessed to committing the offense of robbery, acknowledged the range of punishment, and waived his right to a jury trial. *Id.* Nevertheless, Petitioner's five allegations argue that his plea was involuntary due to his trial

5

counsel's ineffectiveness and prosecutorial misconduct prior to his pleading guilty. Because the record demonstrates that Petitioner voluntarily plead guilty to the conviction he is now challenging under § 2254, however, Petitioner waived the right to challenge all non-jurisdictional defects in his proceeding. Further, three of these allegations were rejected by the state court during Petitioner's state habeas proceedings. Federal habeas relief is therefore unavailable because Petitioner has not shown that the state court's merits adjudication was either contrary to, or an unreasonable application of, clearly established Supreme Court precedent. *Richter*, 562 U.S. at 101.

      1.    <u>Petitioner's Plea Was Voluntary</u>

It is axiomatic that a guilty plea is valid only if entered voluntarily, knowingly, and intelligently, "with sufficient awareness of the relevant circumstances and likely consequences." *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005); *United States v. Hernandez*, 234 F.3d 252, 254 (5th Cir. 2000). A plea is intelligently made when the defendant has "real notice of the true nature of the charge against him." *Bousley v. United States*, 523 U.S. 614, 618 (1998) (internal quotation marks omitted). And a plea is "voluntary" if it does not result from force, threats, improper promises, misrepresentations, or coercion. *United States v. Amaya*, 111 F.3d 386, 389 (5th Cir. 1997). The longstanding test for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant. *Hill v. Lockhart*, 474 U.S. 52, 56 (1985); *United States v. Juarez*, 672 F.3d 381, 385 (5th Cir. 2012).

The record in this case indicates Petitioner's plea was a voluntary and intelligent choice and was not a result of any misrepresentation or coercion. Petitioner signed a document entitled "ADMONITIONS, WAIVERS, STIPULATION, CONFESSION, AND AGREEMENT" wherein Petitioner judicially confessed to committing the charged offense and agreed to the

State's punishment recommendation of twelve years' imprisonment.  (ECF No. 12-3 at 45-54).

The agreement also indicates Petitioner was represented by counsel, understood the nature of the

charges in the indictment and the range of potential punishment, and entered the plea freely and

voluntarily.  *Id.*  Counsel for Petitioner also signed the agreement, stating that he discussed with

Petitioner the rights he was waiving and indicating his belief that Petitioner was mentally

competent and "understands [his] rights, the consequences of waiving those rights, and of the

plea." *Id.* at 50.  The trial judge then gave his approval of the agreement, concluding:

> The Court hereby finds that (1) the Defendant is mentally competent, is
> represented by competent counsel, understands the nature of the charges against
> him/her, and has been admonished of the consequences of a plea of guilty or *nolo
> contendere*, including the minimum and maximum punishment provided by law;
> (2) the attorneys for the Defendant and the State consent to and approve the
> waiver of a trial by jury and agree to stipulate the evidence and judicial confession
> in this case; and (3) the Defendant understands the consequences of his plea, and
> the Defendant's plea of guilty, statements, waivers, consent, stipulations, and
> judicial confession were freely, voluntarily, knowingly and intelligently made.
> The Court hereby approves the waiver of a jury trial, all other waivers, the
> consent to stipulate evidence, and judicial confession.

*Id.* at 51.

Petitioner's signature on the guilty plea documents is *prima facie* proof of the validity of

the plea and is entitled to "great evidentiary weight." *Theriot v. Whitley*, 18 F.3d 311, 314 (5th

Cir. 1994); *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994) (citing *Hobbs v. Blackburn*,

752 F.2d 1079, 1081 (5th Cir. 1985)).  Petitioner's formal declarations in open court also carry

"a strong presumption of verity" and constitute a formidable barrier to any subsequent collateral

attack.  *United States v. Kayode*, 777 F.3d 719, 729 (5th Cir. 2014) (quoting *Blackledge v.

Allison*, 431 U.S. 63, 74 (1977)).  Because Petitioner has not provided any evidence or argument

that would overcome these "strong presumptions of verity," this Court denies any allegation

made by Petitioner concerning the validity of his guilty plea. *Blackledge*, 431 U.S. at 74 (finding

"[t]he subsequent presentation of conclusory allegations which are unsupported by specifics is subject to summary dismissal.").

Furthermore, by entering a knowing, intelligent, and voluntary guilty plea, Petitioner waived all non-jurisdictional defects preceding his plea. *Tollett v. Henderson*, 411 U.S. 258, 265 (1973); *United States v. Scruggs*, 714 F.3d 258, 261-62 (5th Cir. 2013). This rule encompasses errors of constitutional dimension that do not affect the voluntariness of the plea, such as Petitioner's claims concerning the purported defect in his indictments and pretrial prosecutorial misconduct. *See United States v. Williams*, 577 Fed. App'x 379, 380 (5th Cir. 2014) (unpublished) (waiving claim that indictment was defective); *United States v. Templet*, 431 Fed. App'x 270, 271 (5th Cir. 2011) (same); *Murray v. Collins*, 981 F.2d 1255, 1992 WL 387015, at *3 (5th Cir. 1992) (waiving claim that prosecutor and peace officers engaged in misconduct). The waiver likewise includes claims of ineffective assistance of counsel (IATC claims) unless the alleged ineffectiveness relates to the voluntariness of the guilty plea. *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983) (waiving claims of ineffective assistance, except for claims related to voluntariness of plea).

As such, the only claims that survive a guilty plea are those implicating the validity of the plea itself. *Tollett*, 411 U.S. at 267; *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000). Here, Petitioner argues the prosecution presented false evidence at a pretrial hearing to dismiss counsel (Claim 3) and that counsel was ineffective for failing to object to this evidence (Claim 2) or file several pretrial motions (Claims 1, 4). But Petitioner fails to demonstrate how these allegations relate in any way to the voluntariness of his guilty plea. Accordingly, Petitioner's claims are waived by his knowing, voluntarily, and intelligent guilty plea.

8

2.    Trial Counsel's Performance

Petitioner does make one IATC allegation that, if successful, may implicate the voluntariness of his plea: that he was coerced into signing the plea deal by the prosecution and counsel "did nothing." According to Petitioner, the prosecutor coerced his plea by offering to drop charges against his co-defendant girlfriend and threatening to seek the maximum penalty against them both if he refused to plead. Again, a valid guilty plea waives all non-jurisdictional defects—including an IATC claim—unless the IATC claim goes to the voluntariness of the plea. *Smith*, 711 F.2d at 682. Thus, the Court considers Petitioner's IATC claim to the extent it may implicate the voluntariness of his plea. *Hill*, 474 U.S. at 56 (citing *Tollett*, 411 U.S. at 267).

The appropriate standard to evaluate the effectiveness of counsel with regard to a guilty plea is the familiar *Strickland* two-part test. *Hill*, 474 U.S. at 58 (citing *Strickland v. Washington*, 466 U.S. 668 (1984)). Under *Strickland*, Petitioner must demonstrate (1) counsel's performance was deficient, and (2) this deficiency prejudiced his defense. 466 U.S. at 687-88, 690. To establish counsel's performance was deficient, a petitioner must first show his counsel's performance fell below "an objective standard of reasonableness." *Id.* at 688–89. But, in the context of a guilty plea, proving *Strickland*'s prejudice requirement turns "on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill*, 474 U.S at 59. This means, "in a guilty plea scenario, a petitioner must prove not only that his attorney actually erred, but also that he would not have pled guilty but for the error" and, instead, "would have insisted upon going to trial." *Armstead v. Scott*, 37 F.3d at 206 (citations omitted). This assessment will turn partially on "a prediction of what the outcome of a trial might have been." *Id.*

Petitioner contends his plea was involuntary because counsel did not object when the prosecution offered to drop the charges against his girlfriend in exchange for his guilty plea

instead of seeking the maximum sentence. But as discussed previously, the plea agreement itself demonstrates Petitioner's awareness of the "relevant circumstances and likely consequences" of his plea. *Bradshaw*, 545 U.S. at 183. Petitioner's plea agreement also stated he understood the terms of the plea agreement, that his attorney has explained the legal effects of the agreement, and he was not coerced or misled into making the plea.

Further, Petitioner fails to allege what objections he wished counsel had made. Indeed, it is hard to imagine what objections counsel could have raised, as there is nothing coercive about offering a defendant a plea deal that benefits both himself and his co-defendant. *See Miller v. Thaler*, 714 F.3d 897, 904 n.6 (5th Cir. 2013) (counsel is not required to make futile motions or objections); *Roberts v. Thaler*, 681 F.3d 597, 612 (5th Cir. 2012) ("the failure to lodge futile objections does not qualify as ineffective assistance") (quoting *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990)). Petitioner is unable to point to anything in the record to support his assertions that his plea was involuntary, much less that counsel allowed Petitioner to be coerced into signing the plea agreement. Petitioner's conclusory and unsupported allegations are not enough to establish deficient performance under *Strickland*. *See United States v. Demik*, 489 F.3d 644, 646 (5th Cir. 2007) ("[C]onclusory allegations are insufficient to raise cognizable claims of ineffective assistance of counsel.") (quoting *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000)). Therefore, Petitioner fails to establish that his guilty plea was involuntary due to any alleged deficiencies in counsel's performance.

Regardless, even assuming counsel was deficient, Petitioner still cannot show he would not have accepted the current plea and would have instead insisted on going to trial but for counsel's error. *Armstead*, 37 F.3d at 206. Again, such an assessment will turn partially on "a prediction of what the outcome of a trial might have been." *Id.* The record is silent as to whether Petitioner would have made the decision to plead not guilty and go to trial had counsel

10

objected to the State's allegedly coercive action.  In signing the waiver and stipulations of the trial court, however, the record does indicate that counsel fully explained his rights and the plea agreement to Petitioner, that Petitioner understood the plea was for a second-degree felony with the possible sentence of up to twenty years of imprisonment, and that Petitioner admitted he committed the offense and agreed with the State's punishment recommendation of twelve years. Thus, based on the record before the Court, it appears unlikely Petitioner would have chosen to go to trial.

In light of the record evidence supporting the voluntariness of his guilty plea, in addition to the fact Petitioner failed to prove counsel's performance was deficient or his plea was involuntary due to ineffective assistance of counsel, this Court must find Petitioner entered into his plea voluntarily, knowingly, and intelligently.  Moreover, Petitioner completely failed to prove that, but for his attorney's actions, he would have chosen to proceed to trial.  Petitioner has therefore failed to establish a valid IATC claim.  *Hill*, 474 U.S. at 58.  Accordingly, federal habeas relief must be denied because Petitioner fails to meet his burden of proof under the AEDPA.  28 U.S.C. § 2254(d).

## IV.  Certificate of Appealability

The Court must now determine whether to issue a certificate of appealability (COA).  *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)).  A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The Supreme Court has explained that the showing required under § 2253(c)(2) is straightforward when a district court has rejected a petitioner's constitutional claims on the merits:  The petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El*, 537 U.S. at 336 (citation omitted).

The issue becomes somewhat more complicated when the district court denies relief on procedural grounds. *Id.* In that case, the petitioner seeking COA must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack*, 529 U.S. at 484). In other words, a COA should issue if the petitioner *not only* shows that the lower court's procedural ruling is debatable among jurists of reason, but also makes a substantial showing of the denial of a constitutional right.

A district court may deny a COA *sua sponte* without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). For the reasons set forth above, the Court concludes that jurists of reason would not debate the conclusion that petitioner was not entitled to federal habeas relief. As such, a COA will not issue.

## V. Conclusion and Order

After careful consideration, the Court concludes that Claims 4 and 5 raised by Petitioner are unexhausted and procedurally barred from federal habeas review. The Court also concludes that the state court's rejection of Petitioner's remaining allegations on the merits during his state habeas corpus proceeding was neither (1) contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, nor (2) based on an unreasonable determination of the facts in light of the evidence presented during Petitioner's state trial and habeas corpus proceedings.

Accordingly, based on the foregoing reasons, **IT IS HEREBY ORDERED** that:

1.      Federal habeas corpus relief is **DENIED** and Petitioner Larry Dewayne Ferrell's § 2254 petition (ECF No. 1) is **DISMISSED WITH PREJUDICE**;

2.      No Certificate of Appealability shall issue in this case; and

3.      All other motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so **ORDERED**.

**SIGNED** this the _____9_____ day of October, 2020.


DAVID A. EZRA
SENIOR U.S. DISTRICT JUDGE

